IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL DAVIS #02036732 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv52 |
| GARY KING, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Gary King and Officer Reed of the City of Tyler Police Department.

**I. Background**

Davis complains that a person named Tara Spears stole his truck and considerable personal property, forged his name on the title, and sold the truck. He filed complaints with the Tyler Police Department and spoke to Reed personally, but the officers did not fill out any reports or make any arrests.

**II. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that Davis' lawsuit be dismissed because the fact that the officers did not file criminal charges against Spears did not show a violation of any constitutionally protected rights. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (no constitutional right to have someone else criminally prosecuted). Likewise, Davis' claim that the officers would not find and return his stolen truck does not set out

1

a constitutional violation. *Miller v. McGough, et al.*, civil action no. 1:15cv1025, 2016 WL 4217976 (W.D.Ark., June 23, 2016), *Report adopted at* 2016 WL 4203557 (W.D.Ark., August 9, 2016) (no constitutional violation where police did not properly investigate the theft of plaintiff's car), *citing DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) *and Gini v. Las Vegas Metro Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994).

**III. The Plaintiff's Objections**

In his objections, Davis argues that he was denied due process because the officers told him it was not the police department's place to find and recover his vehicle. Officer Reed came to the jail and talked to Davis and another individual named Wayland Mills, apparently the person who purchased Davis' truck from Spears.[1] Davis contends that Reed could have recovered his truck that day but instead chose to "downplay the situation" by implying that Davis and Mills were friends and that Davis knew where his car was and should have his family pick it up. Davis states he also complained to Reed about Spears taking money from his bank account, but Reed would not press charges. Davis' mother talked to King, who lied to her by saying that the truck could not be reported stolen but that he, King, would look for it. Davis argues that he deserves fair treatment and "representation by law."

Davis does not mention, much less object to, the Magistrate Judge's conclusion that there was no constitutional violation because there is no right to have another person criminally prosecuted. He has not shown that the officers deprived him of any constitutionally protected liberty interests and thus cannot show a due process violation. *See generally Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Nor has Davis shown a deprivation of equal protection or that the Constitution was violated through a denial of "fair treatment and representation by law." His objections are without merit.

---

[1]Davis has sued Mills in a separate action. *See Davis v. Mills*, civil action no. 6:16cv228 (E.D.Tex.).

IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil rights lawsuit is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge